The opinion of the Court was delivered by
RichardsoN, J.
It does not expressly appear whether there were funds of the drawers in the bank at the date of the check, though it seems implied that they were afterwards drawn out by another check, the date of which doth not appear.
It is now well settled, that if the drawer has no effects in the hands of the drawee, from the date to the time of payment, demand and notice are dispensed with. 1 T. ft. 405. 2 T. R. 113. Swift, 290. *635 But this exception requires that there should be a total absence of all effects during all that time. 2 Camp. 503. 12 East, 114. And I apprehend, it should appear that the drawer knew that there would be no effects, (2 Term, 113,) and that where the effects merely failed by accident, and did not reach the drawee, demand and notice are- not dispensed with.
Axson, for the motion. Bentham and Parker, contra
By the decisions of this 'Court, in the case of Sutcliffe *and Bird v. M’Dowell,[1] and in Lilly v. Miller,[1] demand and notice <- are also dispensed with, where the drawer purposely withdraws his effects in order to defeat his own bill; and where he forbids the drawee to pay, as in the latter of those cases. But the case before us comes within neither of these exceptions. It is the common case of an overdrawing, which, if permitted to. form another exception, would fritter away the established rule requiring notice generally; and would very frequently introduce very complex collateral issues. As whether any and what balance was in the hands of the drawee, or whether the drawer favored one bill more than another, and the like. Such consequences growing out of the case of Sutcliffe and Bird v. M’Lowell, would be unfortunate.
In the case before us, it is certain only that the check given to I. C. Moses, swept the balance of money in the bank belonging to the drawers. But does it appear that I. C. Moses was not a real creditor, or that the money was purposely withdrawn by defendant to defeat the plaintiff’s check ? By no means.
The general rule, then, applies in all its force ; demand should have been made, and notice given.
The motion is, therefore, granted.
Bay, Nott, and Johnson, JJ., concurred.

 Ante, 257.